UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | |
|---|---|
| SIGNATURE EXPLORATION AND PRODUCTION CORPORATION, | : |
| Plaintiff, | :    14 Civ. 02280 (ER) |
| | :    <u>FIRST AMENDED COMPLAINT</u> |
| - against - | :    <u>JURY TRIAL DEMANDED</u> |
| GCM ADMINSTRATIVE SERVICES, LLC, STRATEGIC TURNAROUND EQUITY PARTNERS, L.P. (CAYMAN), SETH M. LUKASH, and GARY HERMAN, | : |
| Defendants. | : |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

      Plaintiff Signature Exploration and Production Corporation, by its undersigned counsel Karlinsky LLC, for its complaint herein against defendants GCM Administrative Services, LLC, Strategic Turnaround Equity Partners, L.P. (Cayman), Seth M. Lukash, and Gary Herman, alleges as follows:

### Jurisdiction

    1.    The jurisdiction of this Court over the within action rests upon 28 U.S.C. § 1332(a)(2), in that there is complete diversity of citizenship between plaintiff and defendants, and the amount in controversy, without interest or costs, exceeds the sum or value specified by 28 U.S.C. § 1332(a), all as more fully appears below.

### Nature of the Action

    2.    This is an action for declaratory judgment pursuant to 28 U.S.C. § 2201 and Fed. R. Civ. P. 57.  The action arises out of a dispute concerning defendants' alleged right to

convert debt instruments into an equity investment in a non-party pursuant to certain promissory notes issued by another non-party to defendants and the individual defendants' demand that plaintiff issue shares of its common stock to them on the theory that it was orally promised to them.

## Parties to the Action

3. Plaintiff Signature Exploration and Production Corporation ("SXLP") is a corporation duly organized and existing under the laws of the State of Delaware and having its principal place of business at 4700 Millenia Blvd, Suite 175, Orlando, Florida 32819.

4. Upon information and belief, defendant GCM Administrative Services, LLC ("GCM Services") is a limited liability company organized under the law of the State of Delaware and registered in New York State as a foreign limited liability company. The members of GCM Administrative Services, LLC are two individuals, Gary Herman ("Herman") and Bruce Galloway ("Galloway"). Herman and Galloway are citizens of the State of New York, residing in New York State. Defendant GCM Services has its principal place of business at 720 Fifth Avenue, 10th Floor, New York, New York 10019.

5. Upon information and belief, defendant Strategic Turnaround Equity Partners, L.P. (Cayman) ("STEP") is a Cayman Islands limited partnership whose partners are a citizen or citizens of the Cayman Islands and Galloway Capital Management, LLC ("Galloway Capital"). Galloway Capital is a limited liability company organized under the law of the State of Delaware and registered in New York State as a foreign limited liability company.

6. The members of Galloway Capital are Herman and Galloway, both of whom are citizens of the State of New York, residing in New York State. Defendant STEP has

its principal place of business at 720 Fifth Avenue, 10th Floor, New York, New York 10019. Galloway Capital likewise has its principal place of business at 720 Fifth Avenue, 10th Floor, New York, New York 10019.

7. Upon information and belief, defendant Seth M. Lukash ("Lukash") is a citizen of the State of Connecticut, residing in that state but working in New York State. Lukash is registered with the Financial Industry Regulatory Authority ("FINRA), owns or operates a broker dealer, and is associated with GCM Services and STEP.

8. Upon information and belief, defendant Herman is a citizen of the State of New York. Herman is associated with GCM Services and STEP.

9. For diversity purposes, the limited liability company defendants, GCM Services and STEP, are citizens of the State of New York, as, upon information and belief, that is the place of citizenship of their members.

10. For diversity purposes, the citizenship of defendant Herman is New York State, and the citizenship of defendant Lukash is the State of Connecticut.

**FACTS UNDERLYING THE CLAIM FOR RELIEF**

11. Non-party GrowOpp, LLC ("GrowOpp") is a limited liability company organized under the laws of, and having its principal place of business within, the State of Nevada.

12. Commencing July 5, 2013, and extending to December 20, 2013, defendant GCM Services, as lender, made six (6) separate loans to GrowOpp in the aggregate

principal amount of $65,000, and defendant STEP made a single loan to GrowOpp in the principal amount of $10,000 (collectively the "Loans").

13. The Loans were evidenced by promissory notes, true copies of which are annexed hereto as Exhibits "A" through "G" (the "Notes").

14. Each of the Notes provided that the Loans would bear interest at the rate of 6% per annum.

15. The full principal of, and accrued interest on, each of the Notes is due and payable on August 1, 2014.

16. The Notes provide, *inter alia*, for a right of conversion into common stock of Digital Creative Development Corporation ("DCDC"), a company that was ultimately, had the transactions described below succeeded, to be renamed and owned in minority part by affiliates of defendants GCM Services and STEP and in majority part by plaintiff SXLP or affiliates.

17. Section 6(b) of the four Notes dated on or before October 25, 2013 (Exs. A through D) provides:

> At the Lender's sole discretion, it may, in lieu of payment of the principal hereof, convert all or a portion of the total principal due into shares of Common Stock of DCDC.

18. Section 6(b) of the three Notes dated on or after November 18, 2013 (Exs. E through G) provides:

> At the Lender's sole discretion, it may, in lieu of payment of the principal hereof, convert all or a portion of the total principal and interest due into shares of Common Stock of Digital Creative Development Corporation . . . upon the consummation of a merger or similar transaction.

4

19. By written instrument dated July 31, 2013, DCDC and GrowOpp executed an expressly non-binding letter of intent with annexed term sheet, a true copy of which is annexed hereto as Exhibit "H" (the "Letter of Intent").

20. Pursuant to the non-binding Letter of Intent, DCDC proposed to acquire substantially all of the assets and business of GrowOpp and another company known as GrowBlox Holdings, Inc. ("GrowBlox Holdings").

21. Consummation of the proposed transactions contemplated by the Letter of Intent was conditioned on the negotiation and execution of requisite "definitive agreements," as such term is used in finance and law.

22. The Letter of Intent was to expire by its terms ninety (90) calendar days following July 31, 2013, or October 29, 2013.

23. Pursuant to the Letter of Intent and the term sheet annexed thereto and impliedly or expressly made a part thereof, DCDC was responsible for raising $1.5 million in a private placement, which sum was to be used in connection with the transactions proposed thereby. The Letter of Intent contemplated that such interest in the surviving entity would represent 35% thereof on a post-merger basis.

24. By July 31, 2013, DCDC had not succeeded in raising the $1.5 million set forth in the Letter of Intent and attached term sheet, and the Letter of Intent expired by its own terms.

25. The Notes were entered into by borrower in contemplation of the transactions proposed by the Letter of Intent, and but for the Letter of Intent and the expectation

that the transactions contemplated by it would be performed, borrower would not have entered into the Loans or executed the Notes.

26. For all practical purposes, the conversion right contained in both versions of Section 6(b) of the Notes was impliedly conditioned upon the performance of the parties of the obligations referred to in the Letter of Intent.

27. By reason of the failure of DCDC and related parties to perform their obligations pursuant to the Letter of Intent, the right of conversion in the Notes has for all intents and purposes been defeated and is null and void and of no force or effect.

28. Notwithstanding, DCDC, its principals, and its affiliates and related parties have continued to insist that they still possess the conversion right and, even though they have not performed in order to have earned the right to exercise conversion, and have not effectively exercised it, they have threatened to do so.

29. According to DCDC, its principals, and its affiliates and related parties, which include defendants, they are entitled to the issuance of 24% post-merger of the common stock of SXLP.

30. Apparently relying on a different theory than the rights granted conditionally under the Notes, Herman individually and Lukash individually have demanded of SXLP that they each receive 20% of SXLP as a pre-merger entity (or 40% in the aggregate), allegedly entitling them also to receive 24% of the post-merger entity.

31. There is in existence no enforceable agreement entitling Herman or Lukash to receive stock of SXLP in their individual capacities.

32. Neither Herman nor Lukash has paid any consideration for the stock they have demanded which, in the case of a FINRA-registered person, may result in a violation of FINRA rules.

33. Neither Herman nor Lukash has any right to any interest, common stock or otherwise, in SXLP, whether pre- or post-merger.

34. In oral communications made as recently as March 12, 2014 in New York City, DCDC, its principals, and its affiliates and related parties have threatened to sue SXLP if their demand for the issuance of a 24% interest in SXLP is not met. More importantly, they have threatened that a lawsuit, "even if it's a loser," would destroy the reputation of principals of SXLP, and, as it would interfere with SXLP or its principals obtaining state licenses for lawful business activities, would destroy SXLP's business.

35. Such threats are violative of the United States Criminal Code, 18 U.S.C. § 1951 (Hobbs Act) (Interference with commerce by threats or violence).

36. Predicated upon the foregoing, there is an actual and existing controversy concerning whether defendants may exercise the alleged conversion rights under the Notes or otherwise have any enforceable rights to require the issuance to them by plaintiff of common stock.

37. It would assist the parties in the orderly conduct of their affairs for the Court to decide this controversy and issue an appropriate declaratory judgment as to the rights and relations of the parties.

## CLAIM FOR RELIEF
### (Declaratory Judgment)

38. Plaintiff repeats and realleges each and every allegation of the foregoing paragraphs of this complaint numbered "1" through "37" as if fully set forth at length herein.

39. By reason of the foregoing, plaintiff is entitled to a declaratory judgment as to the rights and relations of the parties as set forth in the foregoing allegations of the complaint.

WHEREFORE, plaintiff Signature Exploration and Production Corporation demands judgment accordingly, together with such other and further relief as may be deemed warranted in the circumstances.

Dated:  New York, New York
April 9, 2014

                KARLINSKY LLC

                By:   /s/ Martin E. Karlinsky
                    Martin E. Karlinsky, Esq.
                    Alexis L. Cirel, Esq.
                    Amy A. Lehman, Esq.

                570 Lexington Avenue, Suite 1600
                New York, New York 10022
                (646) 380-0038
                martin.karlinsky@karlinskyllc.com.
                alexis.cirel@karlinskyllc.com.
                amy.lehman@karlinskyllc.com

                Attorneys for Plaintiff