UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

GROWBLOX SCIENCES, INC.,                          :

                Plaintiff,         :   14 Civ. 2280 (ER)

   - against -                                        :

GCM ADMINISTRATIVE SERVICES, LLC,                 :
STRATEGIC TURNAROUND EQUITY
PARTNERS, L.P. (CAYMAN), SETH M.                  :
LUKASH, and GARY HERMAN,
                                                :
                Defendants.
                                                :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

DIGITAL CREATIVE DEVELOPMENT                      :
CORPORATION, GCM ADMINISTRATIVE
SERVICES, LLC, STRATEGIC TURNAROUND               :
EQUITY PARTNERS, L.P. (CAYMAN), SETH M.
LUKASH, and GARY HERMAN,                          :

                Counterclaimants,  :

   - against -                                        :

GROWBLOX SCIENCES, INC., TODD DENKIN,              :
JOSEPH J. BIANCO, TUMBLEWEED HOLDINGS,
INC. f/k/a GROWOPP HOLDINGS, INC., CRAIG          :
ELLINS, and GROWOPP, LLC,
                                                :
                Counterclaim Defendants.
                                                :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**PLAINTIFF/COUNTERCLAIM DEFENDANTS'
MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE
TO SERVE AND FILE SUPPLEMENTAL COMPLAINT**

**KARLINSKY LLC**
**ATTORNEYS FOR PLAINTIFF, ET AL.**
**1500 BROADWAY, 8TH FLOOR**
**NEW YORK, NEW YORK 10036**
**(646) 437-1430**

TABLE OF CONTENTS

Pages

TABLE OF AUTHORITIES ................................................................................................ ii

Preliminary Statement ............................................................................................................1

Facts .......................................................................................................................................1

ARGUMENT ..........................................................................................................................6

    The Court Should Grant Counterclaim Defendants' Motion
        For Leave To Serve And File The Supplemental
        Complaint ..................................................................................................................6

CONCLUSION .......................................................................................................................9

## TABLE OF AUTHORITIES

Pages

**Cases**

*Bayerische Landesbank, New York Branch v. Aladdin Capital Mgmt. LLC*,
   692 F.3d 42 (2d Cir. 2012) ............................................................................................ 8, 9

*Beckett v. Inc. Vill. of Freeport*,
   No. CV 11-2163 LDW AKT, 2014 WL 1330557 (E.D.N.Y. Mar. 31, 2014) .......................... 7

*Eison v. Kallstrom*, 75 F.Supp.2d 113 (S.D.N.Y. 1999) .............................................................. 6, 7

*Hutter v. Countrywide Bank, N.A.*, 41 F. Supp. 3d 363 (S.D.N.Y. 2014) .................................. 7, 8

*In re Sona Mobile Holdings Corp.*,
   No. 13-CV-0470 (LTS)(DCF), 2014 WL 5781101 (S.D.N.Y. Nov. 6, 2014) ........................... 9

*Katzman v. Sessions,* 156 F.R.D. 35 (E.D.N.Y.1994) .................................................................... 6

*Levin v. Tiber Holding Corp.,* 277 F.3d 243 (2d Cir. 2002) ........................................................... 9

*Novak v. Nat'l Broad. Co.,* 724 F.Supp. 141 (S.D.N.Y. 1989) ....................................................... 6

*Quaratino v. Tiffany & Co.*, 71 F.3d 58 (2d Cir. 1995) .............................................................. 6, 7

*Savitsky v. Mazzella,*
   No. 98-CV-9051 (RWS), 2004 WL 2454120, at *3 (S.D.N.Y. Nov. 1, 2004)
   *aff'd,* 210 F. App'x 71 (2d Cir. 2006) ................................................................................... 8

*Shi-Hsin Chang v. Phoenix Satellite Television (U.S.), Inc.*,
   No. 14-CV-2686 (PKC), 2014 WL 5017838 (S.D.N.Y. Sept. 22, 2014) ................................. 6

*Williams v. Citigroup. Inc.,* 659 F.3d 208 (2d Cir. 2011) .............................................................. 6

*Witkowich v. Gonzales,* 541 F. Supp. 2d 572 (S.D.N.Y. 2008) ...................................................... 7

**Statutes**

Fed. R. Civ. P. 15(d) ................................................................................................................. 1, 6

**Other Authorities**

3 James Wm. Moore et al., 3 MOORE'S FEDERAL PRACTICE
   § 15.30 (3d ed. 2010) ............................................................................................................ 6

Restatement (Second) of Contracts § 302 ..................................................................................... 9

**Preliminary Statement**

GrowBlox Sciences, Inc. ("GrowBlox Sciences"), plaintiff and counterclaim defendant herein, and Todd Denkin, Joseph J. Bianco, Tumbleweed Holdings, Inc. f/k/a Growopp Holdings, Inc., Craig Ellins, and Growopp, LLC, counterclaim defendants herein (collectively with GrowBlox Sciences, the "Counterclaim Defendants"), submit this memorandum in support of their motion, pursuant to Rule 15(d) of the Federal Rules of Civil Procedure, for an order permitting them to serve and file the supplemental complaint annexed to the notice of motion as Exhibit A.

The supplemental complaint adds a new claim – for breach of contract – against existing parties Seth M. Lukash, Gary Herman, Digital Creative Development Corporation, GCM Administrative Services, LLC, and Strategic Turnaround Equity Partners, L.P. (Cayman) (collectively "Counterclaimants"). The new claim has arisen since the commencement of this action and thus is authorized and encompassed by Rule 15(d). The new claim arises out of the nucleus of operative facts that form this case, and should, in the interest of efficiency and fairness, be heard along with the other claims asserted in this action.

**Facts[1]**

GrowBlox Sciences, a public company, commenced this action on April 3, 2014, and filed a first amended complaint on April 9, 2014. The first amended complaint sought a declaratory judgment relating to Counterclaimants' alleged entitlement to stock conversion rights under promissory notes. Counterclaimants filed an answer and counterclaims on May 9, 2014, and an amended answer and five counterclaims on November 19, 2014, in which they contended,

---

[1] For the sake of brevity, the facts recited here are limited to events occurring after the filing of the complaint. The supplemental complaint contains a more complete set of underlying factual allegations.

*inter alia*, that they were entitled to a 24% interest in the shares of GrowBlox Sciences as well as $9 million in damages.  The Counterclaim Defendants moved to dismiss the first four of the counterclaims by notice of motion dated January 7, 2015.  (The fifth counterclaim, against which Counterclaim Defendants did not move, sought $75,000 in contract damages relating to the promissory notes that were the subject of GrowBlox Sciences' main claim.)  This Court decided the motion by opinion and order dated June 2, 2015.  Opinion and Order, June 2, 2015, Doc. No. 44 ("Opinion").

The first of the counterclaims sought a declaratory judgment relating to the purported existence of an oral partnership or joint venture in which the individual parties were equal partners.  The purpose of the purported partnership was to form and develop a company to exploit certain technology in the legal cannabis business sector.  The second of the counterclaims sought $9 million in damages for breach of fiduciary duty, alleging that the Counterclaim Defendants had wrongfully transferred assets that belonged to the partnership.  The Court dismissed both these claims without prejudice as having been inadequately pleaded.  Opinion at 13-18.

The Court left standing the third and fourth counterclaims for damages for unjust enrichment and recovery in *quantum meruit* (which it analyzed together as one claim).  *Id*. at 19-21.[2]

One of the bases of the motion to dismiss was that, by reason of having executed a letter of intent that contained limitations on remedies available to the parties and their

---

[2] At the status conference held before the Court on June 17, 2015, Counterclaimants' counsel advised the Court that Counterclaimants intended to move for leave to amend the counterclaims to revive the dismissed "partnership" claims.  By direction of the Court, that motion is due concurrently with the filing of the present motion.

representatives, Counterclaimants had waived claims asserted for declaratory relief as to the alleged oral partnership or joint venture and for unjust enrichment and recovery in *quantum meruit*. Section 6 of the Letter of Intent ("LOI") states as follows:

> This letter of intent is intended to express only a mutual indication of interest in the Proposed Transaction. No agreement providing for any Proposed Transaction or the participation by either party therein will be deemed to exist unless and until the Purchase Agreement has been executed and delivered by the Seller(s), DCDC and each of the other parties thereto, if any. Unless and until the Purchase Agreement has been so executed and delivered, none of the parties or any of their respective Representatives has any legal obligation to any other party of any kind with respect to the Proposed Transaction, whether because of this letter of intent or any other written or oral expression with respect to the Proposed Transaction or otherwise[,]  [. . .]
>
> Each party reserves the right, in its sole discretion, to reject any and all proposals made by the other party or its Representatives with regard to its participation in the Proposed Transaction. Neither party will have (and each party hereby irrevocably waives) any claims against the other party or any of its Representatives arising out of or relating to the Proposed Transaction other than those, if any, that either such party may in the future have as a party to a Definitive Agreement (if any) with the other party and then only in accordance with the terms thereof, or with respect to the Binding Matters.[3]

Counterclaim Defendants relied on this provision to argue that it "absolved the parties of any legal obligation to one another." Opinion at 9. They contended that such claims were "precluded by the LOI's waiver of liability because they arise out of and relate to the proposed transaction" among the parties that is its subject. *Id*. at 10. As the Court noted, Counterclaim Defendants specifically argued that "'the [Counterclaimants'] attempt to forge a "joint venture" or "general partnership" from actions plainly undertaken under and only for the

---

[3] Although the LOI provides that it will be deemed "null, void, and of no further force or effect" upon termination, LOI § 7, Section 6 carves out exceptions to this blanket provision, including with respect to the waiver provision, which explicitly survives termination. LOI § 6.

3

LOI flies in the face of the language of that document.'" *Id*. The Court, however, rejected this argument, stating that it "can take Counterclaim Defendants only so far . . . ." *Id*.

In so ruling, the Court noted that while Counterclaim Defendants were "undoubtedly correct that actions 'plainly undertaken' during the life of the LOI cannot form the basis for a claim 'arising out of or relating to the "'Proposed Transaction'" identified in the LOI, this "assume[d] that the LOI continued to define the relationship between the parties after it had expired by its terms." *Id*. The Court concluded that, "[i]t did not, at least not necessarily." *Id*.

Accordingly, the Court held that whether the parties continued to operate under the terms of the LOI or whether they instead formed a partnership or entered into another agreement "is a matter of [factual] dispute" and therefore unsuited for determination on a motion to dismiss. *Id*. at 10-11.

The Court further observed that since the LOI and the Private Placement Memorandum (both deemed incorporated in the counterclaims) "describe two different transactions," *id*. at 11, and since it was bound to "construe all facts in the light most favorable to the [Counterclaimants]," *id*. at 12, it could not hold the LOI "clearly applicable to the efforts associated with the transaction described in the [Private Placement Memorandum] nor [as precluding] the creation of a new relationship." *Id*.[4] The Court accordingly held that "to the extent that Counterclaimants base their claims on conduct associated with the [Private Placement

---

[4] Counterclaimants argued at length that the alleged "partnership" was "memorialized" in the referenced private placement memorandum. *See*, *e.g.*, Counterclaimants' Memorandum of Law in Opposition to Motion to Dismiss, Doc. No. 36 at 5.

4

Memorandum], those claims are not precluded by the LOI's waiver provision "*based on the information currently before the Court.*" *Id.* at 12 (emphasis added).[5]

Counterclaim Defendants now wish to file a supplemental complaint alleging facts connected to the original pleading that have arisen since its filing. In essence, the supplemental complaint revives Counterclaim Defendants' arguments on its motion to dismiss offensively, in the context of the allegation that Counterclaimants' assertion of the claims for an oral partnership or joint venture and for unjust enrichment resulted in a breach of the LOI, since they had waived such claims under the LOI.

In advancing this claim, Counterclaim Defendants are well aware of the narrow ground the Court has described in its June 2 Opinion. Counterclaim Defendants will undertake to prove, in furtherance of the supplemental complaint, that the "Proposed Transaction," as described in the Letter of Intent is for all intents and purposes the same transaction as that described in the Private Placement Memorandum, and that the individual members of the Herman/Lukash Group and the Ellins Group,[6] who are explicitly bound by provisions of the LOI, are equally beneficiaries of those provisions intended to be accorded its protections as well.

---

[5] The Court also indicated that the LOI could not reasonably be read to bar claims among the individual parties who, while they were deemed "representatives" of the parties under the LOI, were not *parties* to it. Opinion at 12-13. The supplemental complaint answers this objection by noting that "representatives" of the parties were otherwise bound by it and by alleging that such individuals are also third party beneficiaries of the LOI. *See* Proposed Supplemental Complaint ¶¶ 37, 74.

[6] These terms are used as they are in the supplemental complaint to mean Lukash and Herman (the "Herman/Lukash Group") and Ellins, Bianco, and Denkin (the "Ellins Group").

ARGUMENT

**The Court Should Grant Counterclaim Defendants' Motion
For Leave To Serve And File The Supplemental Complaint.**

Fed. R. Civ. P. Rule 15(d) provides that "the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." *See Shi-Hsin Chang v. Phoenix Satellite Television (U.S.), Inc.*, No. 14-CV-2686 (PKC), 2014 WL 5017838, at *5 (S.D.N.Y. Sept. 22, 2014), citing *Novak v. Nat'l Broad. Co.,* 724 F. Supp. 141, 145 (S.D.N.Y. 1989); 3 James Wm. Moore et al., 3 MOORE'S FEDERAL PRACTICE § 15.30 (3d ed. 2010). The Court possesses broad discretion in ruling on a motion under Rule 15(d). As the United States Court of Appeals for the Second Circuit has observed, the district courts should "grant leave to file a supplemental pleading when justice so requires." *Williams v. Citigroup. Inc.,* 659 F.3d 208, 212-13 (2d Cir. 2011); *Quaratino v. Tiffany & Co.*, 71 F.3d 58, 66 (2d Cir. 1995) (leave to file supplemental complaint "should be freely granted . . . when the supplemental facts connect it to the original pleading"). Rule 15(d) embodies the liberal standard of the federal rules, which contemplate the resolution at one time, if possible, of all existing controversies among the parties. *Eison v. Kallstrom*, 75 F. Supp. 2d 113, 116 (S.D.N.Y. 1999) ("Rule 15(d) reflects a 'liberal policy favoring a merit-based resolution of the entire controversy between the parties.'")(quoting *Katzman v. Sessions,* 156 F.R.D. 35, 38 (E.D.N.Y.1994)).

The "entire controversy" among the parties to this case now plainly encompasses the Counterclaimants' counterclaims. Counterclaim Defendants' theory is that the assertion of the counterclaims violated the waiver provision of the LOI, and thus that Counterclaimants, in bringing their counterclaims, breached the LOI. Accordingly, the counterclaims arose only *after* "the date of the pleading to be supplemented," Fed. R. Civ. P. 15(d), are thus within the category

6

of "transaction[s], occurrence[s], or event[s] that happened" after that time, *id*., and are "connected to the original pleading." *Quaratino*, 71 F.3d at 66.

The grounds to deny a Rule 15(d) motion are few and narrow. Absent evidence of bad faith, futility, or prejudice, the motion should be granted. *Quaratino,* 71 F.3d at 66; *Witkowich v. Gonzales,* 541 F. Supp. 2d 572, 590 (S.D.N.Y. 2008); *Eison*, 75 F. Supp. 2d at 116 ("[The] motion should be granted unless the non-movant is able to demonstrate either 'bad faith on the part of the moving party, the futility of the claims asserted within the application, or undue prejudice to the nonmovant."). The burden is on the non-moving party to demonstrate the existence of such grounds. *Beckett v. Inc. Vill. of Freeport*, No. 11-CV-2163(LDW) (AKT), 2014 WL 1330557, at *7 (E.D.N.Y. Mar. 31, 2014).

It is inconceivable that Counterclaimants would contend that the supplemental complaint is motivated by bad faith. To the contrary, it is motivated by a good faith, reasoned belief that the parties waived the claims that Counterclaimants so blithely asserted by their counterclaims (and that they have now told the Court they will seek to revive). It has, moreover, already caused significant expense and injury to Counterclaim Defendants in the form of additional legal fees and costs and in the effect that the pendency of these claims has had on the ability of a new business to attract needed capital.

Nor is it conceivable that Counterclaimants could argue prejudice. "In determining whether the opposing party would be prejudiced [by permitting a supplemental complaint], courts within the Second Circuit generally consider 'whether the assertion of the new claim or defense would '(i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (ii) significantly delay the resolution of the dispute; or (iii) prevent the plaintiff from bringing a timely action in another jurisdiction.''" *Hutter v.*

7

*Countrywide Bank, N.A.*, 41 F. Supp. 3d 363, 371 (S.D.N.Y. 2014) (quoting *Monahan v. N.Y.C Dep't of Corr.,* 214 F.3d 275, 284 (2d Cir.2000) (quoting *Block v. First Blood Assocs.,* 988 F.2d 344, 350 (2d Cir.1993)).)  None of these are applicable to the case at bar.

The supplemental complaint will not cause delay in the resolution of this action.  If Counterclaimants are correct in their arguments that the LOI does not bar the assertion of its partnership and unjust enrichment counterclaims, that will be the end of it.  If they are incorrect, then only the Counterclaim Defendants damages will remain to be proved.  It cannot seriously be contended by Counterclaimants, in a case in which they already seek both $9 million in damages *and* a constructive trust, that this will cause delay.

Finally, the claim set forth in the supplemental complaint is not futile.  Such a proposed amendment to a pleading is deemed to be futile only if "it could not withstand a motion to dismiss pursuant to Rule 12(b)(6)."  *Savitsky v. Mazzella,* No. 98-CV-9051 (RWS), 2004 WL 2454120, at *3 (S.D.N.Y. Nov. 1, 2004) *aff'd*, 210 F. App'x 71 (2d Cir. 2006).[7]

As demonstrated above, the supplemental complaint is firmly anchored in the LOI, acknowledges and recognizes this Court's own reading of that instrument, and is careful to state a claim that will survive a threshold motion.  Thus, for example, to the extent that the supplemental complaint reflects a theory that the individual parties are third party beneficiaries of the waiver provision, New York contract law furnishes a firm basis for the theory.

"Under New York law, a third party may enforce a contract when 'recognition of a right to performance in the beneficiary is appropriate to effectuate the intention of the parties and ... the circumstances indicate that the promisee intends to give the beneficiary the benefit of the promised performance.'"  *Bayerische Landesbank, New York Branch v. Aladdin Capital*

---

[7] The Court has summarized the standard on such a motion in the Opinion at 8.

8

*Mgmt. LLC*, 692 F.3d 42, 52-53 (2d Cir. 2012) (*citing Levin v. Tiber Holding Corp.,* 277 F.3d 243, 248 (2d Cir. 2002) (quoting Restatement (Second) of Contracts § 302)).)  New York law in this regard adopts the Restatement view.  *In re Sona Mobile Holdings Corp.*, No. 13-CV-0470 (LTS)(DCF), 2014 WL 5781101, at *4 (S.D.N.Y. Nov. 6, 2014).  "Under the Restatement, "[u]nless otherwise agreed between promisor and promisee, a beneficiary of a promise is an intended beneficiary if recognition of a right to performance in the beneficiary is appropriate to effectuate the intention of the parties and either (a) the performance of the promise will satisfy an obligation of the promisee to pay money to the beneficiary; or (b) the circumstances indicate that the promisee intends to give the beneficiary the benefit of the promised performance." *Id.*

      Having properly alleged that the Ellins Group members are third party beneficiaries of the waiver provision of the LOI, we suggest that movants need do no more at this stage.

## CONCLUSION

      The motion should be in all respects granted.

Dated:    New York, New York
           July 1, 2015

                        Respectfully submitted,

                        KARLINSKY LLC

                        By:    /s/ Martin E. Karlinsky
                              Martin E. Karlinsky
                              Amy A. Lehman
                        1500 Broadway, 8th Floor
                        New York, New York 10036
                        (646) 437-1430
                        martin.karlinsky@karlinskyllc.com
                        amy.lehman@karlinskyllc.com

                        Attorneys for Plaintiff and Counterclaim-Defendants

**CERTIFICATE OF SERVICE**

I hereby certify that on July 1, 2015, the foregoing plaintiff/counterclaim defendants' memorandum in support of motion for leave to serve and file supplemental complaint was filed electronically and served by mail on any party unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF system.


　　　　　　　　　　　　　　　　　　　　　/s/ Martin E. Karlinsky
　　　　　　　　　　　　　　　　　　　　Martin E. Karlinsky